```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NORTH CAROLINA
                            RALEIGH DIVISION

IN RE:                                    CASE NO.

LIONEL N. BUSSIERE, JR.                   05-01206-5-ATS
THERESA M. GENNA

     DEBTORS


TIMOTHY TAYLOR

     Plaintiff                            ADVERSARY PROCEEDING NO.

     v.                                   S-05-00115-5-AP

LIONEL M. BUSSIERE, JR. and
THERESA M. GENNA aka
THERESA BUSSIERE

     Defendants.
```

### ORDER SETTING ASIDE ENTRY OF DEFAULT JUDGMENT

The matter before the court is the defendants' response to the plaintiff's motion for entry of default judgment. A hearing took place in Raleigh, North Carolina on September 8, 2005.

Lionel N. Bussiere, Jr. and Theresa M. Genna filed a petition for relief under chapter 7 of the Bankruptcy Code on March 31, 2005. On June 28, 2005, Timothy Taylor filed the complaint in this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2) to determine the dischargeability of a debt. No responsive pleading was filed, and on July 29, 2005, the court issued an order directing the plaintiff to proceed. On August 8, 2005, the plaintiff filed a motion for entry of default and default judgment, and an order granting default judgment

was entered on August 10, 2005, before the defendants had time to respond. The debtors/defendants did file a response to the motion for default judgment on August 16, 2005, which the court will consider to be a motion to set aside the default judgment.

The debtors and their attorney contend that they were not served with the summons and complaint, and that they were not aware that an adversary proceeding had been filed until they received the motion for entry of default and default judgment. The order granting default judgment had already been entered when the debtors' attorney received the motion, and the debtors had no opportunity to respond. The debtors contend that they have meritorious defenses to the complaint, and that they would have filed an answer had they been properly served.

Because the debtors and their counsel did not receive service of the complaint, because they did not have time to respond to the motion for default judgment, and because they presented a genuine issue as to whether there is a meritorious defense to the action, the motion to set aside the entry of default and default judgment is **ALLOWED**. The clerk will set this matter for trial in 45 to 60 days.

**SO ORDERED.**

DATED:  September 8, 2005

A. Thomas Small
United States Bankruptcy Judge

2